UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENT DEAVILLE                                    CIVIL ACTION

VERSUS                                            NO: 20-3076

EXXON MOBIL CORP., ET AL.                         SECTION: "A" (2)

## ORDER AND REASONS

The following motion is before the Court: **Emergency Motion to Remand (Rec. Doc. 5)** filed by Plaintiff, Brent Deaville. Defendants Exxon Mobil Corp., Ferguson Enterprises, Inc., and J-M Manufacturing Co., Inc. (collectively "Defendants") oppose the motion. The motion, submitted for consideration on December 9, 2020, is before the Court on the briefs without oral argument.

## I.     BACKGROUND

In January 2020 Mr. Brent Deaville initiated this action in state court against numerous defendants. Mr. Deaville has pleural mesothelioma. Defendants removed the case to federal court on November 12, 2020 alleging diversity jurisdiction.

Plaintiff contends that he was exposed to asbestos while working as an insulator, plumber/pipefitter, and mechanic at several facilities in Louisiana from the 1960s through 1990. At its inception the case involved defendants of both diverse and non-diverse citizenship. Given the terminal nature of his illness Mr. Deaville had obtained a preferential trial setting pursuant to Louisiana Code of Civil Procedure article 1573. Thus, even though his lawsuit was filed on January 29, 2020, discovery was

substantially complete prior to removal (except for limited follow-up discovery), and the parties had a jury trial setting of January 11, 2021 (after a brief continuance).[1]

During the brief course of the litigation the plaintiff voluntarily dismissed or compromised his claims against many defendants. Upon removing the case Defendants identified the following parties as non-dismissed or non-settled defendants that remain in the case: Exxon Mobil Corp., Ferguson Enterprises, Inc., J-M Manufacturing Co., Inc., Taylor-Seidenbach, Inc., and Turner Industries Group, LLC. (Rec. Doc. 1, Notice of Removal ¶ 9). Mr. Deaville is a citizen of Louisiana. Taylor-Seidenbach and Turner Industries are likewise citizens of Louisiana.

In their notice of removal Defendants explain that on October 28, 2020, they received a certified Social Security Administration statement of Plaintiff's employment history. (*Id.* ¶ 10). They contend that they learned from this statement that Turner Industries is an immune employer under the Louisiana's Workers' Compensation Act. Therefore, according to Defendants the non-diverse citizenship of Turner Industries became inconsequential.

Shortly after receiving the statement of Plaintiff's employment history, Defendants removed the case to this Court based on diversity jurisdiction even though the second non-diverse defendant, Taylor-Seidenbach, remained in the case. As to Taylor-Seidenbach, Defendants likewise allege improper joinder because Plaintiff has made no attempt to pursue his claim against this defendant, and therefore has no

---

[1] Plaintiff has characterized his motion to remand as an "emergency" motion because if this case is remanded he hopes to keep his preferential trial date.

evidence upon which a jury could possibly render a verdict against this defendant. Defendants' position is that Plaintiff included Taylor-Seidenbach as a defendant solely to destroy diversity jurisdiction and also to lay venue in Orleans Parish.[2]

Plaintiff now moves to remand the case to state court arguing that neither Turner Industries nor Taylor-Seidenbach is improperly joined, and therefore this Court cannot exercise diversity jurisdiction over the case. Even if the Court could exercise jurisdiction, Plaintiff argues that Defendants waived the right to remove the case.

## II.   LAW AND ANALYSIS

Under 28 U.S.C. § 1441(a), a civil action brought in state court over which the federal courts have original subject matter jurisdiction may be removed to federal court by a defendant. *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020). The court must presume that a suit lies outside of the limited jurisdiction of a federal court, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The burden of proving that the complete diversity of citizenship required for diversity jurisdiction exists rests upon the party who seeks to invoke the court's jurisdiction. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)).

To establish that a non-diverse defendant has been improperly joined to defeat

---

[2] Mr. Deaville resides in Baton Rouge.

diversity jurisdiction, the removing party must prove "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Rico v. Flores*, 481 F.3d 234, 238–39 (5th Cir. 2007) (citing *Smallwood v. Illinois Central R.R.*, 385 F.3d 568 (5th Cir.2004) (en banc)). This case involves the second prong of improper joinder.

The test for the second prong of improper joinder is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 206 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). A court may resolve the issue in one of two ways: The court may either conduct a Rule 12(b)(6)–type analysis or, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* at 207. In making this analysis any contested issues of fact must be resolved in favor of the plaintiff and remand. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

If there is at least one nondiverse defendant, there is no federal diversity jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). Thus, for the case to remain in federal court Defendants must prove that *both* Turner Industries *and* Taylor-Seidenbach were improperly joined, and as Plaintiff points out, that burden is not a light one. See *Griggs*, 181 F.3d at 701.

The Court begins with Defendants' contentions related to Plaintiff's claims against Turner Industries.[3] Defendants contend that Turner Industries was improperly

---

[3] Turner Industries is a predecessor in interest to Nichols Construction Co., one of Mr.

joined because it is an immune employer under the Louisiana's Workers' Compensation Act ("LWCA"). Mesothelioma was not a compensable occupational disease under the pre–1975 version of the LWCA, and therefore illness from exposure to asbestos that occurred prior to September 1, 1975, is not subject to the exclusivity provision of the Act. *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1080 (La. 2009). Thus, under Louisiana law, the improper joinder analysis pertaining to Turner Industries turns on the date that Mr. Deaville began working for Turner Industries.

At the outset, Plaintiff properly alleges negligence and strict liability claims against Turner Industries so improper joinder is not established under the Rule 12(b)(6)–type analysis. Defendants recognize as much so they urge the Court to engage in the permissible summary inquiry to pierce the pleadings. Defendants suggest that such a step is appropriate because Plaintiff failed to admit in his petition that he only worked for Turner Industries after mesothelioma became a covered occupational disease under the LWCA. (Rec. Doc. 1, Notice of Removal ¶ 23).

Mr. Deaville was deposed on May 12, 2020, and he was questioned regarding the dates of his employment with Turner Industries. (Rec. Doc. 5, Exhibit 1 Deaville deposition at 90). He maintained that he worked for Turner Industries beginning in 1974. And while Defendants dispute that the testimony was as unequivocal as Plaintiff would characterize it, it remains that according to Mr. Deaville's testimony, he began working

---

Deaville's former employers. The parties agree that Turner Industries stands legally in the shoes of Nichols Construction Co. for any rights and obligations that the company held. For simplicity, the Court refers simply to Turner Industries even where reference to Nichols Construction would be more accurate.

for Turner Industries well before September 1, 1975.

Defendants summary-inquiry argument in support of improper joinder is based on the Social Security statement that was obtained after Mr. Deaville was deposed. According to the statement Mr. Deaville worked for Turner Industries beginning in the fourth quarter of 1975. Defendants do not accuse Mr. Deaville of intentional deception but they point out that Mr. Deaville was testifying about events that happened decades ago, and that perhaps if he had had the Social Security statement at his deposition to refresh his memory his testimony might have been different. Defendants posit that the Social Security statement is far more competent evidence of when Mr. Deville began his employment with Turner Industries than his testimony.

Plaintiff's position is that any discrepancy between Mr. Deaville's testimony and the Social Security statement presents a disputed issue of fact and that it would be inappropriate for this Court to resolve it in conjunction with removal. Plaintiff argues that to credit Defendants' position the Court would have to go beyond the permissible summary-inquiry allowed in the improper joinder analysis.

The Court is persuaded that Plaintiff has the better argument. Defendants want the Court to engage in speculation regarding what Plaintiff's testimony would have been had he been shown the statement at his deposition. They also want the Court to reject Plaintiff's testimony by assuming that he was simply confused about the past. The summary-inquiry for improper joinder does not allow the Court to weigh evidence or to resolve material factual disputes as if it were sitting as the fact-finder. Federal law is clear in that all factual disputes and ambiguities must be resolved in favor of the plaintiff

when resolving the propriety of removal.

Also militating against Defendants' position with respect to Turner Industries is that prior to removal Turner Industries filed a motion for summary judgment on the issue of whether Mr. Deaville's exposures occurred prior to September 1, 1975, relying on the same evidence presented to this Court. Shortly before removal the state district judge denied that motion after concluding that disputed issues of fact precluded judgment as a matter of law. (Rec. Doc. 21-1 Reply Exhibit 1). Federalism concerns are implicit whenever a case is removed from state court, see *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008), but it is particularly concerning where to keep the case the federal court would be required to revisit and essentially reverse a determination made by the presiding judge, one made under state law no less, while conducting what is intended to be a limited summary-inquiry.

Simply, for the reasons argued by Plaintiff the Court does not find that Defendants have shown that Turner Industries has been improperly joined. Complete diversity is lacking which means that this Court does not have original subject matter jurisdiction upon which removal can be grounded. The status of Taylor-Seidenbach as a defendant is now moot although the Court found Defendants' arguments related to Plaintiff's subjective intent in joining this defendant to be problematic.[4]  Plaintiff's

---

[4] The Court has reviewed the transcript provided from the *Gaddy* case that was before Judge Fallon. The issue in that case was not whether the plaintiff had improperly joined Taylor-Seidenbach but rather whether the plaintiff had engaged in gamesmanship by withholding information about a settlement with Taylor-Seidenbach until after the case had been pending one year so as to defeat removal based on diversity jurisdiction. The fact that the plaintiff was able to settle his claim with Taylor-Seidenbach militates against concluding that the defendant was joined in the case simply to defeat diversity jurisdiction.

contention that Defendants waived any right that they might have had to remove the case based on the actions that they took in state court is also moot.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Emergency Motion to Remand (Rec. Doc. 5)** filed by Plaintiff, Brent Deaville, is **GRANTED**. This case is remanded to the state court from which it was removed for lack of subject matter jurisdiction.

January 13, 2021

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE